## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **JACQUELINE CLEVELAND,** | § § § | |
| **Plaintiff,** | § § | |
| vs. | § § § | **CIVIL ACTION NO. _____** |
| **PITTSBURG VETERINARY CLINIC and ZACH STEVENSON, DVM,** | § § § § | |
| **Defendants.** | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**COMES NOW** Plaintiff Jacqueline Cleveland ("Cleveland" or "Plaintiff") and in support of her causes of action alleges as follows:

### I.   PARTIES

1. Plaintiff is a resident and citizen of the state of Texas.

2. Defendant Pittsburg Veterinary Clinic PC ("PVC") is a Texas professional corporation with its principal place of business in Pittsburg, Texas.

3. Defendant Zach Stevenson, DVM, ("Stevenson") is an individual citizen of the state of Texas.

### II.   JURISDICTION AND VENUE

4. This Court has jurisdiction over this case because Plaintiff has asserted claims under federal law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Additionally, this Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 because Plaintiff's federal and state law claims form the same case or controversy.

5. Venue is proper in this Court because all acts and omissions giving rise to this claim took place in Camp County, Texas, which is in the District and Division in which suit has been filed.

### III. COVERAGE

6. At all times hereinafter mentioned, each Defendant was an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7. At all times hereinafter mentioned, each Defendant was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.SC. § 203(r).

8. At all times hereinafter mentioned, Plaintiff was an employee who was engaged in commerce as required by 29 U.S.C. §§ 206-207.

### IV. FACTS

9. Defendant PVC is a veterinary clinic operated by Defendant Stevenson.

10. Plaintiff worked for Defendants as an office manager. Plaintiff's job duties included preparing weekly payroll.

11. Defendants employed other individuals as veterinary technicians. These technicians' duties included assisting with the medical treatment of animals. Defendant paid the technicians an hourly wage for these duties.

12. Defendants also required veterinary technicians to work on weekends cleaning animal kennels and caring for animals that were hospitalized at the clinic over the weekend. For these duties, Defendants paid the technicians a flat rate of $15 per visit.

13. Defendant Stevenson instructed Plaintiff not to include weekend time the technicians spent cleaning kennels in the technicians' total weekly hours for purposes of calculating their overtime pay.

14. Plaintiff informed Defendant Stevenson that, because Defendants paid the technicians with two different pay structures, the FLSA requires Defendants calculate the technicians' weekly pay using a weighted average method.

15. Defendant Stevenson disagreed. He instructed Plaintiff to calculate the pay in accordance with Defendant's instructions and in contravention of the rules established by the FLSA. When Plaintiff refused to do so, Defendants terminated her employment.

16. In an unemployment hearing before the Texas Workforce Commission, Defendant Stevenson testified under oath as follows:

   a. Defendant Stevenson "like[s] to pay $15 for every time they show up to do kennels."

   b. The Texas Workforce Commission "wanted to go through a, and it's in here, of a calculation of how to do a per job."

   c. Defendants can pay on a per job basis but "it just has to get calculated out correctly."

   d. Plaintiff and Defendant Stevenson "talked to the TWC, which then again, TWC said that yet you can pay a per job basis but it needs to be on a calculated system, which I have a hard time understanding that calculating system and I still don't know that's per se correct, that's why I talked to the TVMA (Texas Veterinary Medicine Association)."

   e. "That day, December 23, [Stevenson] told [Plaintiff] "pay that way" and she couldn't get ahold of TVMA to get their representation 'cuz it was the eve of Christmas Eve and so she called TWC on it and she said that she would be liable."

    f. "So when [Plaintiff] would not write the checks the way I wanted them to write, which to me was to be for the more money, she would refuse, and since she refused, I'll be honest, I got mad, I don't think I was yelling at her, but I was getting mad because she was not paying my employees the eve of Christmas Eve, cuz she was not going to do it the way I asked her to do it."

    g. "I think that's the basis of it, really, is that, we had that disagreement, it came down to either you pay them the more calculated amount of money which wasn't the way she wanted it to be calculated, she refused to do it that a-way 'cuz she thought she was going to be liable."

    h. "If you're not going to do as I ask of you and it's legal, I'm going to fire you."

## V.  CAUSES OF ACTION

***Cause of Action No. 1:  Retaliation for Complaints about Failure to Pay Overtime Wages in Accordance with the FLSA***

17.    Plaintiff reasserts and, by this reference, incorporates the allegations contained in paragraphs 1 through 16, above, as if fully set forth herein.

18.    Plaintiff complained to Defendants about Defendants' failure to comply with relevant provisions of the FLSA, 29 USC § 201 *et seq.*

19.    In response, Defendants terminated Plaintiff's employment.

20.    Terminating Plaintiff's employment constitutes retaliation, which is prohibited by 29 USC § 215(a)(3).

21.    Defendants' deliberate decision to terminate Plaintiff constitutes a willful violation of the FLSA.

*Cause of Action No. 2: Wrongful Discharge under <u>Sabine Pilots</u>.*

22. Plaintiff reasserts and by this reference incorporates the allegations contained in Paragraphs 1 through 21, above, as if fully set forth herein.

23. Defendant instructed Plaintiff to calculate payroll in a manner that violated federal law.

24. Plaintiff refused to do so and had a good faith basis for her refusal.

25. Defendant terminated Plaintiff's employment because of her refusal.

26. Defendant's termination of Plaintiff's employment constitutes wrongful discharge and caused Plaintiff to suffer damages.

## VI. <u>JURY TRIAL DEMAND</u>

27. Plaintiff demands a trial by jury on all issues of facts and damages raised in this case.

## VII. <u>RELIEF SOUGHT</u>

28. WHEREFORE, cause having been shown, Plaintiff respectfully requests that, upon final hearing, the Court award Plaintiff judgment against Defendant for:

    a. back pay in an amount to be determined by the jury;

    b. actual damages;

    c. liquidated damages under Section 216(b) of the FLSA;

    d. attorneys' fees;

    e. costs of court;

    f. pre-judgment and post-judgment interest at the maximum rates allowable by law; and

g. any other or further relief to which Plaintiff may be legally or equitably entitled.

Respectfully submitted,

Michael E. Coles, Lead Counsel
State Bar No. 24007025
**THE COLES FIRM PC**
4925 Greenville Ave., Suite 200
Dallas, Texas 75206
(214) 443-7860 (Telephone)
(972) 692-7145 (Facsimile)

Of Counsel:

**THE LAMBERSON LAW FIRM PC**
6333 E. Mockingbird Ln., Suite 147-524
Dallas, Texas 75214
(214) 288-2443 (Telephone)
(214) 602-5796 (Facsimile)

By: _____
Elizabeth Aten Lamberson
State Bar No. 24027044

**ATTORNEYS FOR PLAINTIFF JACQUELINE CLEVELAND**